# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
GEORGE YOUHANA and              *
BELINA YOUHANA, on behalf of    *
C.Y.Y., a minor                 *
                                *    No. 19-888V
              Petitioners,      *    Special Master Christian J. Moran
                                *
v.                              *    Filed: July 30, 2021
                                *
SECRETARY OF HEALTH             *    Attorneys' Fees and Costs
AND HUMAN SERVICES,             *
                                *
              Respondent.       *
* * * * * * * * * * * * * * * * * * ** *
```

Robert Oushalem, San Jose, CA, for Petitioners;
Dhairya D. Jani, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING
### ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is George and Belina Youhana's ("petitioners") motion for final attorneys' fees and costs. They are awarded **$23,510.43**.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

\*      \*      \*

On June 18, 2019, petitioners, on behalf of their minor child, filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioners alleged that influenza vaccine C.Y.Y. received on September 15, 2016, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused C.Y.Y. to suffer transverse myelitis. On May 20, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2020 Fed. Cl. 3265014 (Fed. Cl. Spec. Mstr. May 20, 2020). Thereafter, on September 22, 2020, petitioners filed a motion for extension of time to submit their attorneys' fees and costs motion.

On January 6, 2021, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioners requests attorneys' fees of $24,126.96 and attorneys' costs of $1,599.19 for a total request of $25,726.15. Fees App. at 9.[2] Pursuant to General Order No. 9, petitioners warrant that they have not personally incurred any costs related to the prosecution of their case. Id. On January 21, 2021, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioners did not file a reply thereafter.

\*      \*      \*

Because petitioners received compensation, they are entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the

---

[2] Petitioners' motion originally requested a total of $24,663.65. On March 1, 2021, petitioners' filed a supplemental motion requesting an additional $1,062.50 in attorneys' fees, raising the total to the aforementioned amount.

number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioners request that their attorney, Mr. Robert Oushalem, be compensated at $425.00 per hour for all work performed in this case, from 2017 to 2021. This rate is consistent with what Mr. Oushalem has previously been awarded for his work in the Vaccine Program and the undersigned finds it to be reasonable for work performed in in the instant case as well. Boothe v. Sec'y of Health & Human Servs., No. 17-1560V, 2019 WL 948377, at *2 (Fed. Cl. Spec. Mstr. Feb. 15, 2019).

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

At the onset, the undersigned notes that counsel's formatting of the billing entries has made determining their reasonableness more difficult than is traditionally the case. Rather than indicating how much time was billed on each

discrete task, counsel has listed a dollar amount that each task incurred. Based upon counsel's hourly rate, it is possible for the undersigned to then discern the amount of time for billed for each task, but the endeavor is more difficult than it should be. Counsel should be advised in future fees applications that it would be more helpful to have each billing entry reflect how much time was billed on it rather than its dollar value.

The undersigned has reviewed the submitted billing entries and finds that a small reduction is necessary. First, a small amount of time was billed for administrative tasks such as scanning and filing documents. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

Additionally, a reduction must be made due to the overall vagueness of entries for communication, such as phone calls and e-mails. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In the instant case, the majority of billing entries concerning communication do not contain any indication of the topic of that communication, making it difficult for the undersigned to determine whether such communication was necessary and reasonable. This would have been particularly useful here because the amount of time billed overall for communication seems on the high side, with twelve minutes appearing to be the minimum time billed to complete any task. In the undersigned's experience, most communications can be completed half of much time. Perhaps the time billed is high because each entry reflects an entire day's worth of communication or because the topic was complex, but based upon the record, that cannot be definitely determined.

Finally, Mr. Oushalem's supplemental request for additional fees based on a January 6, 2021 court appearance is confusing. In his initial filing, two hours were billed for "Court appearance for approval of Guardianship Petition 8:00 – 10:00 am." Fees App. Ex. 1 at 5. This time billed appears reasonable. The supplemental filing indicates that the initial motion "failed to take into account the additional time incurred by this attorney for a court appearance on January 6, 2021." However, the instant motion was filed on the same day, presumably after Mr. Oushalem finished up at the Superior Court of California. It is unclear why this billing entry would need revision, particularly because the first billing entry gave

4

the specific hours Mr. Oushalem was at the Superior Court. The submitted supplement and the single new billing entry it contains does not provide any detail which would help the undersigned assess this situation.

Therefore, the undersigned is reducing the requested attorneys' fees by $2,215.72, representing the supplemental court time plus five percent of the attorneys' fees requested in the original motion in order to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). Petitioners are therefore awarded final attorneys' fees of $21,911.24.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioners request a total of $1,599.19 in attorneys' costs. This amount is comprised of acquiring medical records, postage and filings fees for the petition as well as at petitioners' local court for the guardianship petition. These costs are all reasonable in the undersigned's experience and have been supported with adequate documentation. Accordingly, petitioners are awarded the full amount of requested costs.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$23,510.43** (representing $21,911.24 in attorneys' fees and $1,599.19 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and their counsel, Mr. Robert Oushalem.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

5

Special Master